## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-cv-00465-PLC |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 27, 2021, the Court directed petitioner Darnell Young to file an amended 28 U.S.C. § 2254 petition on a Court-provided form. He was further ordered to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Petitioner was given thirty days in which to comply. He has not provided appropriate responses. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. On April 22, 2021, he filed a petition with the Court construed as arising under 28 U.S.C. § 2254. (Docket No. 1). The petition was handwritten and not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Petitioner had also neglected to either file a motion for leave to proceed in forma pauperis or pay the filing fee.

In the petition, petitioner asked the Court "to answer" certain questions regarding his conviction in *State of Missouri v. Young*, No. 0722-CR03741 (22nd Jud. Cir., City of St. Louis).[1] (Docket No. 1 at 1). Specifically, he asserted that "two sets of DNA evidence" were presented in his criminal case by the State of Missouri. Both sets of evidence came "off [of] the victim[']s underwear." One set of DNA matched petitioner, while the other contained a "mixture" from which the police lab could not get results. Petitioner alleged that his attorney presented evidence during his Rule 29.15 hearing to the effect that there were experts available to testify that the DNA evidence did not match petitioner's DNA. He therefore "presented" the question as to how there could be two "different sets of DNA results on Petitioner Young's DNA."

Petitioner asserted that he needed the Court "to answer this question" because the "DNA evidence was a major factor in this conviction." (Docket No. 1 at 2). He further argued that there was "a reasonable probability the DNA evidence that was introduce[d] to the jury was exculpatory."

On August 27, 2021, the Court ordered petitioner to file an amended petition on a Court-provided 28 U.S.C. § 2254 form. He was further directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. The Court sent petitioner copies of the necessary forms in order to aid his compliance. Petitioner was given thirty days in which to respond. He was specifically advised that his failure to file an amended petition on a Court form, and to either file a motion for leave to proceed in forma pauperis or pay the filing fee, would result in the dismissal of this action without prejudice and without further notice.

---

[1] The Court reviewed petitioner's case on Case.net, Missouri's online case management system. The Court takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2

Petitioner did not respond to the Court's order in the manner that was required of him. Instead, on September 27, 2021, the Court received a letter from petitioner, in which he once again demanded an "answer" to the query he had posed about DNA evidence in his criminal case. (Docket No. 8). As before, petitioner alleged that the State of Missouri "presented two sets of DNA evidence off the victim[']s underwear," and that this somehow calls the validity of his conviction into question.

The Court notes that petitioner has previously filed a 28 U.S.C. § 2254 petition regarding this same issue, to wit: the allegedly different sets of DNA evidence. *Young v. Payne*, No. 4:19-cv-1877-HEA (E.D. Mo. July 1, 2019). The Court denied and dismissed the prior petition as time-barred on March 24, 2020.

## Discussion

On August 27, 2021, the Court directed petitioner to file an amended 28 U.S.C. § 2254 petition on a Court form. He was also ordered to either file a motion for leave to proceed in forma pauperis or to pay the filing fee. Petitioner's responses were due on or before September 27, 2021. In the order, petitioner was advised that failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for petitioner to file an amended petition, and to either file a motion for leave to proceed in forma pauperis or pay the filing fee, has expired. However, petitioner has not complied, or sought an extension of time in which to comply. Rather, on September 27, 2021, petitioner sent a letter to the Court, repeating the allegations in his initial petition, and requesting an "answer" from the Court regarding the DNA issues that arose in his state criminal case. At no point in the letter does petitioner address the Court's prior order or seek more time in which to respond. Despite being given additional time, petitioner has not followed the directions in the

3

Court's August 27, 2021 order. To the contrary, petitioner appears to have ignored the order entirely.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because petitioner has not complied with the Court's order of August 27, 2021, and has not sought additional time in which to do so, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 27, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of October, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE